UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONAM MANAGEMENT CORPORATION,<br><br>       Plaintiff,<br><br> v.<br><br>GREAT AMERICAN E&S INSURANCE COMPANY,<br><br>       Defendant. | Case No. 23-cv-2122-BAS-BGS<br><br>**ORDER**<br> 1. **GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF No. 8),**<br> 2. **STAYING PROCEEDINGS,** and<br> 3. **TERMINATING DEFENDANT'S MOTION TO DISMISS (ECF No. 7)** |

Before the Court is Great American E&S Insurance Company's ("GAESIC" or "Defendant") Motion to Dismiss for Failure to State a Claim (ECF No. 7) and Motion to Compel Arbitration (ECF No. 8). GAESIC moves to compel arbitration on the grounds that arbitration in this case is mandated by statute. (*See* ECF No. 8.) GAESIC also moves to dismiss the case on the grounds that the plaintiff fails to state a claim upon which relief may be granted. (*See* ECF No. 7.) The Court finds these matters suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Compel Arbitration (ECF No. 8), **STAYS** proceedings, and **VACATES** Defendant's Motion to Dismiss (ECF No. 7).

## I. BACKGROUND

CONAM Management Corporation ("CONAM" or "Plaintiff") brought this case against GAESIC, its insurance company, claiming that because GAESIC will not fully cover the costs of hiring independent counsel to defend CONAM in a series of legal actions, GAESIC is acting in bad faith and breaching the terms of the insurance contract. Specifically, CONAM brings claims for (1) declaratory relief – duty to defend; (2) breach of contract; and (3) breach of the covenant of good faith and fair dealing. (ECF No. 1, Ex. 1 ("Compl.") at 1).

CONAM holds a professional liability insurance policy with GAESIC, on which CONAM has paid each premium. (*Id.* ¶¶ 15–16.) CONAM's insurance policy contains "a broad duty to defend" wherein GAESIC is obligated to "defend any Claim against [CONAM] to which this insurance applies, even if any of the allegations of the Claim are groundless, false, or fraudulent." (*Id.* ¶ 17.) CONAM is now a defendant in a series of putative class action lawsuits alleging various civil state and federal antitrust violations against it, as well as several other private causes of action. (*Id.* ¶ 11.) Collectively, these actions will be referred to as the "RealPage Actions."

CONAM tendered the RealPage Actions to GAESIC days after the first of the actions was filed. (*Id.* ¶ 19.) GAESIC agreed to defend but made that agreement subject to a reservation of rights as to indemnity coverage. (*Id.*)

California law governs the relationship between CONAM and GAESIC with regard to GAESIC's duty to defend CONAM against the lawsuit. That law states that when an insurer agrees to defend subject to a reservation of rights, the insured may be entitled to independent counsel in the lawsuit if that reservation of rights creates a conflict of interest. Cal. Civ. Code § 2860(b). Because GAESIC believed the reservation of rights created a conflict of interest with CONAM, GAESIC agreed to allow CONAM to select independent counsel, known as *Cumis* counsel, to defend it in the RealPage Actions. (*Id.* ¶ 29.) Thus, CONAM hired and wishes to retain a firm whose rates far exceed those authorized by GAESIC. CONAM finds the firm's rates to be consistent with the market for these services

"and what is paid by policyholders and insurers for such services." (Compl. ¶ 27.) CONAM hired the firm in question because CONAM believes the RealPage Actions require representation by counsel with strong experience in antitrust and class actions. (*Id.* ¶ 22.)

GAESIC approved CONAM's hiring of the firm as properly qualified and experienced counsel. (*Id.* ¶ 26.) However, GAESIC did not agree to the rates charged by the firm and agreed only to pay a "small fraction" of the rates[1], which, after some negotiating, it eventually raised to a slightly higher fraction[2]. (*Id.* ¶¶ 29–30.) However, at the time CONAM filed the instant action, ten months after the RealPage Actions began, GAESIC had paid nothing to CONAM to assist in its defense. (*Id.* ¶¶ 29, 31.)

CONAM filed the instant action seeking declaratory relief that GAESIC is required to pay the totality of CONAM's legal bills in the RealPage actions. (*Id.* ¶¶ 20–36, 46.) CONAM also seeks recovery for the costs of the instant action. (*Id.* ¶ 46.) CONAM requests such declaratory relief because GAESIC breached its duty to defend CONAM by failing to pay the entirety of *Cumis* counsel's fees in the RealPage actions and by delaying its partial payment of those fees by nearly a year. (*Id.* ¶¶ 20–36.) CONAM also claims that by breaching the duty to defend, GAESIC breached its contract with CONAM. (*Id.* ¶¶ 37–40.) As relief, CONAM seeks a declaration that GAESIC breached its defense obligations to CONAM under the insurance policy. (*Id.* ¶ 47.) It also seeks compensatory damages and costs. (*Id.*)

Additionally, CONAM claims that GAESIC's actions amount to a breach of the covenant of good faith and fair dealing because GAESIC persistently took unreasonable positions regarding the rates it would pay to counsel, refused to consider evidence of rates paid for defense counsel in similar actions, and failed to properly investigate the required

---

[1] GAESIC initially indicated that it would cover only $300 per hour for partner time and $260 per hour for associate time. (Compl. ¶ 29.)

[2] After negotiations, GAESIC agreed to cover $400 per hour for partner time and $300 per hour for associate time. (Compl. ¶ 30.)

level of representation and cost of defense for actions like the RealPage Actions. (*Id.* ¶¶ 41–45.) CONAM also seeks compensatory, consequential, and/or extra-contractual damages as relief for its bad faith claim in addition to declaratory relief that GAESIC acted in bad faith. (*Id.* ¶ 48.)

CONAM originally filed this action in state court before GAESIC removed it to federal court. (*See* ECF No. 1.) CONAM did not challenge the removal and GAESIC subsequently moved to compel arbitration or, on the other hand, to dismiss the case for failure to state a claim. (ECF Nos. 7–8.)

## II. ANALYSIS

### A. Motion to Compel Arbitration

#### 1. Whether Section 2860 Applies in Federal Court

The *Erie* doctrine requires a federal court, sitting in diversity, to apply the substantive law of the forum state and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 77–78 (1938). Therefore, a court's determination of whether a particular law is substantive or procedural determines whether that law is applied in the case.

Here, the law at issue is California Civil Code Section 2860, subdivision (c) ("Section 2860"). When an insurer has an obligation to provide independent counsel, also known as *Cumis* counsel, Section 2860 requires the parties to arbitrate "any dispute" concerning those fees. In whole, Section 2860 states that, "Any dispute concerning attorney's fees not resolved by [methods laid out in the insurance policy] shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." Here, GAESIC seeks to employ Section 2860 to compel this action to arbitration.

CONAM claims that Section 2860, as California law, does not apply in federal court because *Erie* analysis precludes it—it is procedural, rather than substantive, law and therefore may only be applied in state court. (ECF No. 10 ("Resp. to MTD") at 3:16–18.) The Ninth Circuit has held, however, that district courts must apply Section 2860 when sitting in diversity. *N. Ins. Co. of New York v. Allied Mut. Ins. Co.*, 955 F.2d 1353, 1361

(9th Cir. 1992) ("California law requires [the insured] to resolve its claims through mandatory arbitration, unless the policies provide otherwise. Cal. Civ. Code § 2860(c). On remand, the district court should refer this matter to arbitration as provided in the statute.").[3] Therefore, while California state court decisions may leave it to federal courts' discretion as to whether they shall apply Section 2860, *see, e.g.*, *Compulink Mgmt. Ctr., Inc. v. St. Paul Fire & Marine Ins. Co.*, 87 Cal. Rptr. 3d 72, 78 (2008) ("[S]ection 2860's requirement that such fee disputes be resolved in arbitration is binding only on California courts."), that discretion is curtailed by the Ninth Circuit.

Therefore, this Court shall apply Section 2860 to the instant case.

### 2.   Applying Section 2860

Having decided Section 2860 applies, the Court now considers what its application demands. The Court preliminarily notes that California has a "strong legislative policy favoring arbitration of *Cumis* counsel fee disputes expressed in the mandatory arbitration provision of section 2860(c) . . . ." *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1461–62 (2011); *see also Wallis v. Centennial Ins. Co.*, 982 F. Supp. 2d 1114, 1121–23 (2013). "[A]rbitration has become an accepted and favored method of resolving disputes, praised by the courts as an expeditious and economical method of relieving overburdened civil calendars." *Madden v. Kaiser Found. Hosps.*, 17 Cal. 3d 699, 706–07 (Cal. 1976); *see also Berman v. Dean Witter & Co., Inc.*, 44 Cal. App. 3d 999, 1003 (Cal. Ct. App. 1975) ("In California, arbitration is highly favored as a method for the settlement of disputes.").

Consistent with this strong public policy in favor of arbitration, all doubts concerning the scope of arbitration, must be resolved in favor of arbitration. *Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal. App. 4th 696, 705 (Cal. Ct. App. 2010); *Hayes Children Leasing Co. v. NCR Corp.*, 37 Cal. App. 4th 775, 788 (Cal. Ct. App.

---

[3] While Plaintiff attempts to argue that California law cannot limit federal court jurisdiction through Section 2860, Plaintiff fails to overcome Ninth Circuit precedent requiring this Court to apply Section 2860. Therefore, Plaintiff's arguments regarding Section 2860's inapplicability to the situation at hand fall flat.

1995). The burden falls on the party opposing arbitration to demonstrate that a statute or contract does not require arbitration of the dispute in question. *Coast Plaza Drs. Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 687 (Cal. Ct. App. 2000). If there is any reasonable doubt as to whether an arbitration provision applies, "the doubt must be resolved in favor of arbitration, not against it." *Id.*; *see also Buckhorn v. St. Jude Heritage Med. Grp.*, 121 Cal. App. 4th 1401, 1406 (Cal. Ct. App. 2005).

Here, as the party opposing arbitration, CONAM bears the burden of demonstrating the arbitration provision in Section 2860 does not apply. CONAM does not carry this burden. CONAM argues that Section 2860's application is limited to good-faith disputes over independent counsel rates and that such arbitration, if ever required, must occur after the trial court has made determinations as to CONAM's allegations of breach and bad faith. (ECF No. 11 ("Resp. to MTC") at 7:14–8:8.) CONAM believes that, because the consequence of breach of the duty to defend is that the defendant does not get to use the protections of Section 2860, the claim must be addressed before compulsion to arbitration. (*Id.* at 8:1–8.) CONAM also argues that because the schism between the parties regarding *Cumis* counsel fees is so great and GAESIC has acted so egregiously, GAESIC could not be acting in good faith and has breached its duty to defend. (*Id.* at 8:9-11.) GAESIC's conduct is egregious, according to CONAM, because it failed to pay CONAM's defense costs for "many months," and has refused to agree to *Cumis* counsel's rates to defend CONAM in its action. (*Id.*) In support, CONAM cites to several California Court of Appeal cases. *See, e.g., Intergulf Dev. LLC v. Superior Ct.*, 183 Cal. App. 4th 16, 20 (2010); *see also Janopaul + Block Companies v. Superior Ct.*, 200 Cal. App. 4th 1239, 1249 (2011). However, none of CONAM's arguments prevail because the heart of each of its claims rests with the disputed amount of attorney's fees GAESIC must pay.

California courts are divided over whether arbitration of the attorney's fee dispute should take place before or after resolution of other coverage issues. *See Steelcase Inc. v. Nationwide Indem. Co.*, No. 2:14–CV–6291–SVW–RZ, 2015 WL 12828056, at *2 (C.D. Cal. Feb. 10, 2015) ("California courts have divided over the timing issue [of when to

compel a rate dispute to arbitration]."). *Compare Intergulf*, 183 Cal. App. 4th at 22 (holding that insurers may compel arbitration of the attorney's fees dispute only after the adjudication of the duty to defend issue), *with Truck Ins. Exch. v. Superior Ct.*, 51 Cal. App. 4th 985, 989 (Cal. Ct. App. 1996) (holding that arbitration of the attorney's fees dispute prior to the determination of other claims was allowed and did not bar the other claims on *res judicata* grounds).

In *Intergulf*, a California Court of Appeal held that because the gravamen of the case was not the reasonableness of the attorneys' fees charged, but rather whether the insurer had a duty to defend, it was premature to compel the case to arbitration prior to resolving the insured's breach of contract and bad faith claims. 107 Cal. Rptr. 3d at 166.

The same California Court of Appeal in *Janopaul* noted that for an insurer to take advantage of Section 2860 it needed to "meet its duty to defend and accept tender of the insured's defense, subject to a reservation of rights." *Janopaul*, 133 Cal. Rptr. 3d at 387 (quoting *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1047 (N.D. Cal. 2005)). The court in *Janopaul* determined the trial court acted prematurely in compelling the case to arbitration because, upon the court's review of the insured's complaint, the complaint raised "issues and claims substantially broader than merely a dispute over the amount of attorney fees." *Id.* at 386. For instance, the insurer had waited more than two years to accept the insured's tender of defense. *Id.* at 382. Further, the insurer had waited nearly three years to begin paying for that defense. *Id.* at 386.

In contrast, a separate California Court of Appeal in *Compulink* noted that simply because a plaintiff alleges additional claims along with a fee dispute, it does not insulate those *Cumis* fee disputes from arbitration. *Compulink Mgmt. Ctr., Inc. v. St. Paul Fire & Marine Ins. Co.*, 87 Cal. Rptr. 3d 72, 77 (Cal. Ct. App. 2008). The *Compulink* court ordered the trial court to compel the fee dispute to arbitration even where the insured alleged additional claims based on the insurer's failure to timely accept the defense and delayed payment of legal fees and costs. *Id.* at 74.

In line with the outcome in *Compulink*, in *Arrowood*, a federal court applying Section 2860 held that "where independent counsel is appointed, 'it would undermine the concept of reservation of rights to preclude resolution of the [independent counsel's rates] issue until after the declaratory relief action has been decided.'" *Arrowood Indem. Co. v. Bel Air Mart*, No. 2:11-CV-00976-JAM, 2013 WL 2434830, at *5 (E.D. Cal. June 4, 2013) (citing *Truck Ins. Exch.*, 51 Cal. App. 4th at 998) (distinguishing *Janopaul*, 133 Cal. Rptr. 3d 380). Thus, in *Arrowood*, the court compelled arbitration when the breach claims hinged on alleged underpayment of *Cumis* counsel fees. *Id.* at 1, 4.

Ultimately, the caselaw comes down to a question: does the bulk of the dispute lie with attorney's fees, or does it include broader issues that should be resolved prior to arbitration? Here, CONAM's own Complaint forces this case to arbitration. (*See* Compl. ¶ 7 ("The problem is that after saying it would defend, GAESIC has improperly failed and refused to provide a full or proper defense, *by improperly limiting the rates that it would pay defense counsel and only paying for a fraction of the costs reasonably incurred to properly defend these cases*." (emphasis added)).) If GAESIC's limitation of attorney's fees is the problem, the Court must compel the case to arbitration. Unlike *Janopaul* and *Intergulf*, here the parties do not dispute GAESIC's duty to defend, but rather how GAESIC has attempted to fulfill that duty. (*Id.*)

Looking at the language of each of CONAM's claims, it is clear that they all hinge in large part, if not entirely, on the amount GAESIC has agreed to pay to *Cumis* counsel for CONAM's defense in the RealPage Actions. For instance, CONAM's claim for breach of the duty to defend hinges on the "actual controversy" between the parties regarding "the financial scope of the defense coverage owed by GAESIC for the RealPage Actions under the Policy, and specifically how much of the defense counsel rates and bills must be paid by GAESIC." (*Id.* ¶ 34.) Similarly, CONAM's claim for breach of contract is based on the assertion that "GAESIC has breached its defense obligations under the Policy by failing to acknowledge and pay the full defense coverage owed, and also by anticipatorily asserting that it would pay only a fraction of the defense coverage." (*Id.* ¶ 39.) CONAM's

bad faith claim also rests on GAESIC's "unreasonable positions regarding the rates to be paid for defense counsel for the RealPage Actions" as well as GAESIC's procedure for forming these positions. (*Id.* ¶ 44.) Unlike *Janopaul*, the claims are not substantially broader than a dispute over attorney's fees. *See* 133 Cal. Rptr. 3d at 386. The Court cannot determine if GAESIC's actions constitute good or bad faith, a breach of contract, or failure to defend without first determining whether the proposed rates are reasonable. Attempting to resolve CONAM's claims without that determination would be putting the cart before the horse. Section 2860 compels that exact question to arbitration.

## III. CONCLUSION

GAESIC's Motion to Compel Arbitration is hereby **GRANTED** with respect to the rates GAESIC must pay for CONAM's defense in the RealPage Actions. (ECF No. 8.) Within thirty (30) days of this Order, the parties shall select a single neutral arbitrator to provide a binding resolution as to the amount GAESIC owes. Cal. Civ. Code § 2860(c) ("Any dispute concerning attorney's fees . . . shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.").

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Calif.*, 593 F.2d 857, 863 (9th Cir. 1979). Because the reasonableness of *Cumis* counsel's fees goes to the heart of CONAM's claims in this case, the Court finds it most efficient to stay the present action pending the resolution of arbitration. It is therefore **ORDERED** that all proceedings in this matter shall be **STAYED** and the file **ADMINISTRATIVELY CLOSED**. Within

fourteen (14) days of conclusion of arbitration proceedings, the parties shall file a joint request to lift the stay.

Finally, the Court **TERMINATES** the pending Motion to Dismiss. (ECF No. 7). Upon conclusion of the stay, the Court will reinstate or direct GAESIC to refile the Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED: July 11, 2024**

Hon. Cynthia Bashant
United States District Judge